

ROPES & GRAY LLP
2099 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20006-6807
WWW.ROPESGRAY.COM

March 27, 2020

Peter M. Brody
T +1 202 508 4612
peter.brody@ropesgray.com

**BY ECF AND E-MAIL**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re:  *Solar Junction Corp. v. IQE plc*, No. 18 Civ. 2564 (KPF) [rel. 17 Civ. 9478 (KPF)]
*Solar Junction Corp. v. Chung* et al., No. 17 Civ. 9478 (KPF) [rel. 18 Civ. 2564 (KPF)]
Letter Brief Requesting Leave to File Portions of an Exhibit Under Seal

Dear Judge Failla:

We are counsel to Defendant IQE plc ("IQE") and Defendants Seokjae Chung, Kalyan Nunna, Rodney Pelzel, Howard Williams, and Robert Yanka (the "Individual Defendants") (collectively, the "Defendants") in the above-referenced related actions brought by Plaintiff Solar Junction Corp. ("SJC"). Pursuant to the Court's order and the Parties' agreed-upon extension, IQE's Motion to Confirm the Arbitral Award and the Individual Defendants' Motion to Dismiss are due today, March 27, 2020. With each of those motions, we intend to submit the Final Award of the London Court of International Arbitration (the "Final Award").

SJC has advised the Defendants of its position that the Final Award, as issued, should be filed with this Court under seal pursuant to the Protective Order and Confidentiality Agreement in the now-concluded arbitration between IQE and SJC, while a redacted version of the Final Award may be filed publicly. SJC has provided its proposed redactions to IQE.

As officers of the Court, we feel obliged to advise the Court, as we have already advised SJC, of Defendants' view that *none* of the information in the Final Award meets this Court's requirements for maintaining information under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). For example, as Defendants have pointed out to SJC's counsel, among the portions of the Final Award SJC maintains constitutes confidential SJC information are quotes from public articles and dissertations that were published *before SJC was even founded*, as well as discussions of issued U.S. patents (which are necessarily already public). As we also have conveyed to SJC, Defendants are mindful of the public interest in access to judicial documents under the common law and the First Amendment, and the fact that, under this Court's rules, a confidentiality agreement is not, by itself, a valid basis to overcome the presumption in favor of public access to

judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 444750774, at *4 (S.D.N.Y. Aug. 11, 2015).

Nonetheless, the Protective Order and Confidentiality Agreement in the arbitration requires Defendants (in the absence of an order from the arbitral tribunal, or other legal duty such as an order from this Court) to avoid disclosing information in the Final Award that SJC maintains is confidential. Given the requirements of the Protective Order, Defendants are therefore bound to seek to seal these proposed redactions. Accordingly, and solely on that basis, we respectfully request leave in accordance with Section 9.B of the Court's Individual Rules of Practice in Civil Cases to file under seal the Final Award in its entirety (attached, with highlighting showing SJC's proposed redactions, as **Exhibit A**) and to file a public version of the Final Award, with SJC's proposed redactions applied (attached as **Exhibit B**).

Respectfully submitted,

Peter M. Brody

Enclosures

cc:    All Counsel (by ECF)

Application GRANTED. The Final Award, in its unredacted form, may be filed as viewable to the Court and parties only. This Order will also apply to No. 17 Civ. 9478, and should be docketed in that case.

Dated:    March 27, 2020        SO ORDERED.
          New York, New York

                                HON. KATHERINE POLK FAILLA
                                UNITED STATES DISTRICT JUDGE